UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LATARSHA L. BRADFORD | * | CIVIL ACTION |
| VERSUS | * | NO. 22-3892 |
| OCHSNER CLINIC FOUNDATION | * | SECTION "E" (2) |

**ORDER AND REASONS**

Before me is Plaintiff Latarsha Bradford's Supplemental Motion for Reconsideration (ECF No. 9), which was scheduled for submission on December 7, 2022. No Opposition Memorandum has been filed and no party requested oral argument in accordance with Local Rule 78.1. The Court agrees that oral argument is unnecessary and will address the motion on the papers.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff Latarsha Bradford's Supplemental Motion for Reconsideration is DENIED for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff filed this employment discrimination suit against Defendant Ochsner Clinic Foundation on October 14, 2022, and filed an Amended Complaint two weeks later, on October 28, 2022. ECF Nos. 1, 4. Ochsner filed a Motion for Extension of Time to Plead, seeking a 21-day extension, until December 13, 2022, to file responsive pleadings to Plaintiff's Amended Complaint. ECF No. 6. Although Plaintiff did not file an objection in the record before Ochsner's motion, Plaintiff filed an Opposition Memorandum. ECF No. 7. After considering both Ochsner's motion and Plaintiff's Opposition, this Court granted the extension on November 15, 2022. ECF No. 8.

On the same day as this Court's Order, Plaintiff filed this Supplemental Motion for Reconsideration.  ECF No. 9.  The "Supplemental Motion" reads:

> Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Latarsha L. Bradford files this supplement to Plaintiff's OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO PLEAD filed on November 14th, 2022, by adding a request that this Court also reconsider Plaintiff's second Notice of Submission served upon Defendant's counsel for the opposed motion field on November 14, 2022 and Certificate of Service via USPS certified mail on November 15, 2022 as required by Federal Rules of Civil Procedure, Rule 5(b)(1).
>
> Plaintiff prays that the SUPPLEMENTAL MOTION FOR RECONSIDERATION corrects any defect in the filing of the ORIGINAL PLEADING, NOTICE OF SUBMISSION and CERTIFICATE OF SERVICE, and clarifies that service has been made by USPS certified mail on November 15, 2022, while Plaintiff request original motion to be considered on your HONORABLE's earliest available hearing date.

ECF No. 9.

## II.    APPLICABLE LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration.[1] Under Rule 54(b), "[d]istrict courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)."[2]  "The general practice of [courts in the Eastern District of Louisiana] has been to evaluate [Rule 54(b)] motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment," balancing the interests of justice with the need

---

[1] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006) (citation omitted); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).
[2] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002) (citations omitted); *Tex. Comptroller of Pub. Accts. v. Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion).

for finality.³ The four relevant factors in deciding a motion to reconsider under the Rule 59(e) are: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.⁴

Motions to reconsider, whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."⁵ They are not the proper vehicle for rehashing evidence, legal theories, or arguments.⁶ Nor should a motion for reconsideration be used to raise arguments that could have and should have been made before entry of an order or to re-urge matters that have already been advanced by a party.⁷ When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.⁸

In this case, it is unclear whether Plaintiff simply seeks to supplement her earlier opposition to include service information or whether she asks that the Court reconsider its decision granting Ochsner the extension of time to answer. If the former, Plaintiff's opposition was accepted for filing, docketed, and considered by the Court. Thus, there is no need to supplement it with service information. If the latter, Plaintiff has failed to establish any basis for reconsideration. As previously explained, Plaintiff's Opposition failed to identify any legitimate justification for denial

---

³ *See, e.g., Castrillo v. Am. Home Mortg. Serv'g, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (citations omitted); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009).
⁴ *Flynn v. Terrebonne Par. Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004) (citations omitted).
⁵ *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation and citation omitted).
⁶ *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986) (internal citations omitted)).
⁷ *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990).
⁸ *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 475.

3

of Defendant's requested 21-day extension. Given that Defendant has not obtained any prior extensions and Plaintiff's original complaint was filed on October 14, 2022, followed by her amended complaint on October 28, 2022, and Plaintiff did not identify any circumstances or time-sensitive issues that would justify denial of the requested 21-day extension, the Court granted Ochsner's request to extend the responsive pleading deadline to December 13, 2022. *See* ECF No. 8. Plaintiff's Supplemental Motion fails to change that calculus.

### III.   **CONCLUSION**

Plaintiff has failed to demonstrate that reconsideration of this Court's prior Order is justified. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Latarsha Bradford's Supplemental Motion for Reconsideration (ECF No. 9) is DENIED.

Dates this ___7th___ day of December, 2022.

*[Signature]*

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

4